[No. 19281. Department Two. June 24, 1925.]

EUGENE BELCOURT *et al., Respondents,* v. H. J. HOAR, *Appellant.*[1]

BROKERS (12, 14)—CONTRACT FOR COMMISSIONS—PERFORMANCE OF SERVICES WITHIN TIME SPECIFIED—SUBSEQUENT ORAL CONTRACT. The fact that a written contract authorizing a broker to sell personal property during a period of thirty days had expired without any sale, does not affect liability for the broker's commission under a subsequent oral contract to pay the commissions on a subsequent sale, which was brought about by the broker's subsequent efforts.

Appeal from a judgment of the superior court for King county, Charles H. Paul, judge *pro tempore,* entered December 16, 1924, upon findings in favor of the plaintiffs, in an action on contract, tried to the court. Affirmed.

*Marion A. Butler,* for appellant.

*George Gregory,* for respondents.

HOLCOMB, J.—Respondents sued upon an oral contract alleged to have been made with them in July, 1924, by appellant to procure for appellant a purchaser for certain business and personal property located in Seattle and known as Junction Garage, at a sale price of $7,000. They alleged that it was orally agreed that they were to receive five per cent commission on the total price received for the sale of the business for appellant, if successful in procuring a purchaser. They allege that they did procure a purchaser for the business in the person of one Wright, and the business was thereafter sold and transferred by appellant to Wright for the sum of $7,000. No part of the commission was paid by appellant after demand, whereupon suit was brought therefor.

Appellant answered the complaint, admitting that

[1]Reported in 237 Pac. 11.

he listed with respondents the property described, at the price stated, but for the period of thirty days only from and after April 25, 1924. He denied that respondents furnished a buyer for the garage or did anything in connection therewith, or was entitled to the sum of $350 as a commission for the sale thereof, or any sum whatever.

At first there was a listing in writing by appellant on April 25, 1924, for the sale of the property at the price stated, for a period of thirty days only. No purchaser was procured by respondents during the thirty days, but in July, according to their evidence, they did introduce a prospective purchaser to appellant in the person of Wright, and afterwards, as respondents contend, appellant then agreed that in case the sale was made he "would protect them on their commission." Appellant negotiated with Wright to some extent, but Wright was not satisfied with the business and went away and visited other places, but finally came back and was induced in part by a friend of his, who was working either in the employ of appellant or in connection with him in the same place of business, to make the purchase. Wright accordingly made the purchase at the full price of $7,000, on September 9, 1924.

The trial court, after seeing and hearing the witnesses, found that the oral agreement was made, as alleged, in July, 1924; that respondents produced a purchaser for the business, and the business was sold by appellant to the purchaser produced by respondents at the stipulated price. The court also found that the services of respondents in procuring the purchaser were of the just and reasonable value of five per cent of the purchase price paid for the business.

Appellant excepted to each of the foregoing findings, and also submitted findings to the contrary which the trial court refused.

This is almost entirely a controversy over facts. The contract was not one required to be in writing by the statute of frauds. There was no question but that the purchaser was produced and introduced to appellant by respondents. The fact that the written contract for commission had expired by the failure to produce a purchaser within thirty days could in no wise affect the proposition that an oral contract based on the terms of the written listing which had expired could be made thereafter. This was what the court found, and the evidence does not preponderate to the contrary.

The judgment is affirmed.

Tolman, C. J., Main, Fullerton, and Mackintosh, JJ., concur.